# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAHLILULLAH RAZAQ,<br><br>           Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>           Defendants. | Case No.  1:20-cv-01116-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 9) |

Plaintiff Kahlilullah Razaq ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's renewed motion to appoint counsel, filed September 10, 2020.  (ECF No. 9.)  In his motion, Plaintiff again states that he does not know how to read or write in English and he needs an attorney to help him prepare his lawsuit.  Plaintiff also references the Court's August 28, 2020 screening order, which directed him to identify the Doe defendants in his amended complaint, stating that a Sergeant Timboler or Timbler did Plaintiff's interview and knows all the officers who worked that day on A yard.  Plaintiff requests that someone request this information from Sergeant Timbler, because he does not know how to complete his complaint and motion himself.  Plaintiff also states that he is being transferred from

///

///

1

Tehachapi Prison to Calapay or Calapack Prison[1] on September 8, 2020, and he will provide the Court with his updated address once he has been transferred. (Id.)

As Plaintiff has been informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and *in forma pauperis* almost daily. Many of these prisoners also have limited education and a limited ability to read and write in English. These litigants also must conduct legal research and litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's original complaint was screened and the Court found that it failed to state a cognizable claim. Plaintiff has not yet filed an amended complaint attempting to cure the deficiencies identified by the Court's screening order, and therefore the Court cannot evaluate the likelihood of success on the merits. Finally, based on a

---

[1] It appears Plaintiff will be transferred to Calipatria State Prison.

review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 9), is HEREBY DENIED, without prejudice.  As discussed in the Court's August 28, 2020 screening order, Plaintiff's first amended complaint or notice of voluntary dismissal is currently due on or before September 30, 2020.  In light of the representation that Plaintiff is being moved, the Court will grant a short continuance.  **Plaintiff's first amended complaint or notice of voluntary dismissal is due on or before October 16, 2020.**

IT IS SO ORDERED.

Dated:   **September 15, 2020**              /s/ Barbara A. McAuliffe            
                                                            UNITED STATES MAGISTRATE JUDGE