UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAHLILULLAH RAZAQ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>　　　　　　Defendants. | Case No.: 1:20-cv-01116-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 15)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Kahlilullah Razaq ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983. The Court screened Plaintiff's complaint and granted him leave to amend. (ECF Nos. 1, 10.) Plaintiff's first amended complaint, filed on September 21, 2020, is currently before the Court for screening. (ECF No. 15.)

**I.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Allegations in Complaint

Plaintiff is currently housed in Calipatria State Prison, in Calipatria, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at California Correctional Institute in Tehachapi, California ("CCI"). Plaintiff names as defendants: (1) California Department of Corrections ("CDCR"), (2) John Doe 1, Warden, (3) John Doe 2, Correctional Officer, and (4) John Does 3–50, Correctional Officers.

Plaintiff asserts Eighth and Fourteenth Amendment violations and negligence.

In claim 1, Plaintiff is considered to be separated sensitive needs yard ("SNY"), which is separated from the general population. Plaintiff alleges that at CCI, safety procedures are secure due to the high security level of "180 design where nothing or nobody is allowed movement without direction and correctional officers knowledge and assistance." (ECF No. 15, pp. 3–4 of 9.) Plaintiff became the victim of an assault with a deadly weapon and battery with a weapon by inmate Roman. Plaintiff sustained an injury to his neck.

In claim 2, Plaintiff alleges negligence of cruel and unusual punishment by way of "correctional officer (Green Wall) allowing inmates to do their violent bidding." (ECF No. 15, p.

4 of 9.) Plaintiff alleges he is a victim of the correctional officers' negligence based on that "they have knowledge of how to allow other inmates to assault another weaker than your average inmate." Plaintiff alleges that he was not accidently stabbed: "there is no way that an inmate can accidently be stabbed, sliced or otherwise assaulted on a level 4 180 security designed building." (ECF No. 15, p. 4 of 9.) All movement is controlled by the tower control booth.

John Doe 1 (Warden) knew of the situation of Plaintiff's assault and injury because of Plaintiff's grievance. John Doe 2 (tower guard) allowed "the assault by way of electronically opening Plaintiff's door, being cause due purpose of injury to Plaintiff." John Does 3–50 "who responded in concert to discreetly neglect the 602 grievance" which Plaintiff alleges falls under a tort act of negligence.

Plaintiff seeks declaratory relief, compensatory and punitive damages.

### III. Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983. Despite being provided the relevant pleading and legal standards, Plaintiff has been unable cure the pleading deficiencies.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–57.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. In fact, the first amended complaint includes fewer factual allegations than Plaintiff's original complaint. Plaintiff was forewarned that any subsequently pleading supersedes the

3

original complaint. It is unclear in the first amended complaint what happened, when it happened and who was involved. Fed. R. Civ. P. 8. Plaintiff has been unable to cure this deficiency.

### B. Supervisor Liability

Plaintiff is attempting to impose liability against Defendant John Doe 1, Warden, based on his role as supervisor, which Plaintiff may not do. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676−77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020−21 (9th Cir. 2010); Ewing v. Cty. of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205−06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty, of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970). To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir.2010). A supervisor may be held liable if he implements a "policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Hansen, 885 F.2d at 646 (internal quotation marks and citation omitted). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff alleges conclusory statements, without factual support, are insufficient to state a cognizable claim of supervisory liability. See Iqbal, 556 U.S. at 678. Plaintiff has failed to allege facts to support that Defendant John Doe 1 participated in or directed the violations, or knew of the violations and failed to act to prevent them.  Plaintiff's conclusory allegation that Defendant John Doe 1 received Plaintiff's 602 grievance is insufficient that John Doe 1 had knowledge before the assault.

It is also unclear whether Plaintiff is alleging that any supervisor implemented the policy or knowingly acquiesced in it. Plaintiff also has failed to plead facts showing that any policy was a moving force behind the assault. See Willard v. Cal. Dep't of Corr. & Rehab., No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between that policy and the alleged constitutional deprivation.").  Plaintiff has been unable to cure this deficiency.

**C.     Eleventh Amendment**

Insofar as Plaintiff seeks monetary damages against CDCR, he may not do so. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override...." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999); see also Brown v. Cal. Dep't. of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity). Plaintiff's claims seeking monetary damages against CDCR are barred by the Eleventh Amendment.

**D.     Conspiracy**

Plaintiff may be seeking to allege a conspiracy against the Defendants "Green Wall."  In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege

5

1    [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of
2    Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police
3    Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or
4    acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes
5    v. California, 497 F.2d 197, 200 (9th Cir. 1974).

6    A conspiracy claim brought under section 1983 requires proof of "an agreement or
7    meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir.
8    2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41
9    (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional right, Hart v. Parks,
10   450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866
11   F.2d 1121, 1126 (9th Cir. 1989)). "To be liable, each participant in the conspiracy need not know
12   the exact details of the plan, but each participant must at least share the common objective of the
13   conspiracy." Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

14   A bare allegation that defendants "Green Wall" conspired to violate inmates'
15   constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

16   Further, Plaintiff has not plead the basic elements of a civil conspiracy: an agreement and
17   concerted action amongst the defendants in the furtherance of that agreement, and that each
18   defendant conspired to violate Plaintiff's constitutional rights. See also Kendall v. Visa U.S.A.,
19   Inc., 518 F.3d 1042, 1047 (9th Cir. 2008) (noting that a bare allegation of a conspiracy is almost
20   impossible to defend against where numerous individuals are concerned).  He must link each
21   defendant to the conspiracy. Plaintiff has not alleged sufficient facts to raise his conspiracy claim
22   beyond the speculative level.  Plaintiff has been unable to cure this deficiency.

23   **E.    Failure to Protect**

24   Plaintiff may be attempting to allege a failure to protect Plaintiff from the attack by
25   Inmate Roman.

26   While the Eighth Amendment requires prison officials to provide prisoners with the basic
27   human needs, including reasonable safety, it does not require that the prisoners be comfortable
28   and provided with every amenity." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982). A

6

housing assignment may be "restrictive and even harsh," but will not violate the Eighth Amendment unless it "either inflicts unnecessary or wanton pain or is grossly disproportionate to the severity of crimes warranting imprisonment." Rhodes v. Chapman, 452 U.S. 337, 348–349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981) (finding inmates had no constitutional right to be housed in single cells). Only where prison officials knew or should have known that a housing assignment posed an excessive risk to an inmate's safety will placement with a particular inmate have constitutional implications. Estate of Ford v. Ramirez–Palmer, 301 F.3d 1043, 1050 (9th Cir.2002).

To establish a failure to protect claim, the prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). "'Deliberate indifference' has both subjective and objective components." Labatad v. Corr. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837. The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. See Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

Plaintiff appears to allege that Defendant John Doe 2 opened the cell so that Plaintiff could be attacked. A "failure to protect" claim under the Eighth Amendment requires a showing that the injury occurred due to the defendant's "culpable state of mind." Plaintiff fails to allege *facts* demonstrating what he saw, heard, and otherwise personally experienced related to Defendant John Doe 2, and how he knew that Defendant John Doe 2 opened the cell so that Plaintiff could be injured. Plaintiff alleges that there is no way to accidently open the cell door, but Plaintiff fails to allege facts demonstrating that Defendant John Doe 2 believed that Plaintiff was at substantial risk of serious harm and yet disregarded the risk, causing Plaintiff to be harmed, when John Doe 2 opened the door. Plaintiff's speculation, that because of the 180

7

1  design, opening the door cannot be an accident, is not sufficient to state a cognizable claim.

2  Plaintiff has been unable to cure this deficiency.

### F.     Doe Defendants

The use of John Does in pleading practice is generally disfavored. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F.Supp.2d 1149, 1152 (E.D. Cal. 2008). Plaintiff is hereby advised that the court cannot order service of a Doe defendant because the United States Marshal cannot serve a Doe defendant. Plaintiff will be required to identify him or her with enough information to locate the defendant for service of process. For service to be successful, the Marshal must be able to identify and locate defendants. Once the identify of a Doe defendant is ascertained, plaintiff must file a motion to amend his complaint only to identify the identified Doe defendant so that service by the United States Marshal can be attempted. However, Plaintiff has been unable to state a cognizable claim.

### G.     Inmate Grievances

Prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Prison officials are not required under federal law to process inmate grievances in any specific way. Plaintiff's claim that certain Defendants improperly denied or canceled his grievances does not state a cognizable claim for a violation of his due process rights because there is no right to a particular grievance process or response. See, e.g., Towner v. Knowles, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff failed to state claims that would indicate a deprivation of his federal rights after defendant allegedly screened out his inmate appeals without any basis); Williams v. Cate, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Plaintiff's allegations against Defendant Does 3-50 focus on the manner in which his 602 grievance was handled, investigated, and resolved. However, Plaintiff does not have a constitutional right to any specific prison grievance procedure or to the handling of his prison

8

grievance. This deficiency cannot be cured by amendment

### H. State Law Claims

Plaintiff purports to bring claims under the "Torts act." It is unclear whether he intends to pursue state law tort claims or any other state law claims. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, it will be recommended that the Court decline to exercise supplemental jurisdiction over any purported state law claims.

### IV. Conclusion and Recommendation

For the reasons stated, Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief under section 1983. Despite being provided with relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint by amendment, and thus further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED as follows:

1. The federal claims in this action be dismissed based on Plaintiff's failure state a cognizable claim upon which relief may be granted; and
2. The Court decline to exercise supplemental jurisdiction over Plaintiff's purported state law claims.

///

9

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 29, 2020**        /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE